Felix L. Philips, Appellant, *v.* Philadelphia & Reading Terminal Railroad Company.

*Railroads—Damages—Taking of alley—Smoke, noise, etc.*

In a proceeding against a railroad company to recover damages for the taking of the whole of an alley way, the property owner is entitled to recover the full amount of the difference in value of the property before and after the taking of the alley, but smoke, noise, ashes and vibration are not elements of damage caused by the construction and operation of the railway for which damages can be recovered.

184    537
202    380
184    537
c 29 SC 135

Argued Jan. 18, 1898. Appeal, No. 255, Jan. T., 1897, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1895, No. 240, on verdict for defendant. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Appeal from report of viewers. Before McMICHAEL, J.

At the trial plaintiff offered to prove that by the erection and construction of the road and its ordinary operation plaintiff's house is shaken by day and by night by moving trains;

that it is filled with dust, smoke and cinders, in so much that it is rendered uninhabitable ; this for the purpose of showing the conditions surrounding the plaintiff's property as affecting its market value after the entry of defendant upon the easement incident to the plaintiff's property, as compared with the market value before.

Objected to. Objection sustained and offer overruled. Exception for plaintiff. [1]

Plaintiff offered to show that the conditions indicated in the foregoing offer were the conditions at the time of the entry upon the easements of the plaintiff by the defendant, for the purpose of showing the surroundings and conditions of the property, in order to determine the value of plaintiff's property at the time of the taking, or immediately before the time of the taking, and immediately thereafter.

Objected to. Objection sustained. Exception for plaintiff. [2]

The following question was propounded to F. A. Myers, an expert, called by the plaintiff: " What, in your judgment, was the value of this property before the entry of the road on the easement connected with the property, and its value immediately thereafter, as affected thereby, considered with reference to the destruction of the easement and the things connected with it? "

Objected to. Objection sustained. Exception for the plaintiff. [3]

The court charged in part as follows :

When the defendant closed up this alley and destroyed this easement, it did not enter upon the land of the plaintiff, but it actually destroyed something that may or may not have been of pecuniary value to his property, but in which his property had a right, which is called an easement; that is, the right of passing to and fro to Division street. I have given these reasons to you, because men of sense like to know the reason of what they do. This rule is the reason why I have limited the evidence in this case to the difference in the value of the property before and after the destruction of that easement. That alley way was closed and that easement has been destroyed, as far as we know (and I instruct you so here), lawfully. That

is, the defendant closed up the alley way in the exercise of the right of eminent domain—that is, the right the railroad company has to take private property for public use upon making just compensation; and if the plaintiff has suffered loss thereby, the defendant must make just compensation to him. And we come to the simple rule, what was the difference in the market value of the property as affected by the destruction of this easement? In other words, to make that plainer, how much more was the property worth with the alley into Division street than it was worth without it? [4]

Plaintiff's points and the answers thereto were among others as follows:

1. The plaintiff, under the pleadings, is entitled to recover all damages which he has sustained by reason of the entry of the defendants upon his premises, No. 1125 Callowhill street, and in estimating these damages, you must determine the value of the property before the taking and entry of the defendants, and its value thereafter, the difference being the damage sustained by the plaintiff. *Answer:* Refused. [5]

2. In estimating the damages, you may take into consideration the erection and construction of the road, its operation, the dust, smoke and vibration incident to its operation, as affecting the particular premises. That is, you may take all these elements into consideration in determining the value of the property after the taking, as compared with its value before. These elements are not to be treated as independent items of damage to which the plaintiff is entitled, but are to be taken so far as they affect the value of the property in question. *Answer:* Refused. [6]

4. In valuing the plaintiff's property, you are to take into consideration all the advantages and disadvantages incident to the erection and construction of the road by the defendants so far as it affects the plaintiff's property. *Answer:* Refused. [7]

Verdict and judgment for plaintiff for $700. Plaintiff appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions; (4–7) above instructions, quoting them.

*W. Horace Hepburn,* for appellant.—That the appellant was

-entitled to recover all the damage sustained by him, both direct
.and consequential, prior to the adoption of the constitution of
1874, would seem to be settled by the following cases : Wilming-
-ton & Reading R. R. v. Stauffer, 60 Pa. 374; Hoffer v. Penna.
·Canal Co., 87 Pa. 225.

That the taking of an easement incident to land is a taking
-within the words of the constitution has also been so decided:
Lewis on Eminent Domain sec. 142 ; Arnold v. Hudson River
.R. R., 55 N. Y. 661; Story v. N. Y. Elevated Ry. Co., 90
N. Y. 150.

The plaintiff is entitled to recover the entire damage done to
his property, under the constitution of 1874, by reason of the
,erection and construction of the defendant's road upon the ease-
ment incident to his property: Ry. v. Holland, 117 Pa. 613;
Penna. R. R. v. Duncan, 111 Pa. 352; Penna. S. V. R. R. v.
Walsh, 124 Pa. 544; Penna. S. V. R. R. v. Ziemer, 124 Pa.
.560 ; Penna. Co. for Ins., etc., v. R. R., 151 Pa. 339; Comstock
v. Ry., 169 Pa. 589.

The evidence showing that appellant's property was deprived
.of light and air, and was filled with dust, smoke and cinders,
·shaken by day and by night, by moving trains, was not offered
.as independent items of damages, but simply for the purpose of
·enabling the jury to understand how the property had been
.affected by the erection and construction and operation of the
road, so as to enable them to determine to what extent the
property had been depreciated in its market value by reason of
·the entry.

*Thomas Hart, Jr.,* with him *John G. Lamb,* for appellee.—
'The plaintiff could not, but for the circumstance of the alley
way, maintain an action for damages for injury to his property
by smoke and noise: Penna. R. R. v. Lippincott, 116 Pa. 472;
Penna. R. R. Co. v. Marchant, 119 Pa. 541 ; Dooner v. Pa. R. R.,
142 Pa. 36; Jones v. Erie & Wyoming V. R. R. Co., 151 Pa.
.30 ; Hartman v. Incline Plane Co., 159 Pa. 442.

It is submitted that the constitution of 1874 has no opera-
tion whatever in a case of this kind: P., W. & B. R. R. v.
Williams, 54 Pa. 103; Phillips v. Incline Plane Co., 153 Pa.
:230.

This is a case of "taking," but not of part of the lot. No part of the plaintiff's premises is touched; it is the case of the total taking of an alley way. Wherever the taking of a thing is total, the measure of damage is the value of that thing.

The plaintiff had really two things—a house and an easement appurtenant thereto. The latter was wholly destroyed. It is conceded he may recover its full value, and that the value of the house, with and without it, is a proper measure of determining the value, but he is not entitled to recover for an effect upon the value of his house produced, not by the loss of the alley, but by something else—the smoke, dust and vibration of the railroad: Penna. R. Co. v. Penna. Schuylkill Valley R. R. Co., 151 Pa. 334.

PER CURIAM, February 7, 1898:

Under the charge of the learned court below the plaintiff was allowed to recover the full amount of the difference in value of his property before and after the taking of his alley way leading to Division street. This easement is what was taken, and to the extent to which his property was injured in consequence of the taking, he was permitted to recover. The other elements for which an attempt was made to recover damages, such as smoke, noise, ashes and vibration, we have frequently ruled are not elements for which damages can be recovered in such cases as these. The case was fairly and correctly tried without error in any of the rulings, and the jury has found the actual amount of damages sustained. The assignments of error are all dismissed.

Judgment affirmed.