# Brown v. Pittsburg, Carnegie & Western Railroad Company, Appellant.

*Railroads—Agreement with landowner—Covenant as to farm crossing—Measure of damages.*

Where a railroad company agrees in consideration of a grant of a right of way to construct a safe and convenient farm crossing, but fails to construct the farm crossing for the reason that it had constructed a public crossing which the owner could use, the measure of damages for the breach of the covenant is the difference between the market value of the farm with a safe and convenient farm crossing, and its market value without any other farm crossing than that at the public crossing.

Argued April 17, 1905. Appeal, No. 186, April T., 1905, by defendant, from judgment of C. P. Washington Co., May T., 1903, No. 155, on verdict for plaintiff in case of Matthew B. Brown v. Pittsburg, Carnegie & Western Railroad Company.

Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Assumpsit for breach of an agreement to construct a farm crossing.   Before MCILVAINE, P. J.

The court charged in part as follows :

["And as we said in your hearing in our talk with counsel in discussing the law points, our impression is that the true measure of damages is the difference in value of that farm with a crossing constructed according as the covenant required it to be constructed and the way that it had been constructed. If this crossing that is now constructed is not safe and convenient,—how does it affect the value of the farm to have the kind of a crossing that they have there now and what is described in this deed here 'a safe and convenient farm crossing.'"] [1]

Defendant presented this point :

3. If the jury find from the evidence that there has been a breach of contract upon the part of the defendant in not constructing a safe and convenient farm crossing for the plaintiff, and if they further find that there is a public road leading through the plaintiff's farm, crossing the railroad at or near the plaintiff's farmhouse and barn, then the jury in estimating the damages which the plaintiff will sustain by reason of the failure of the defendant to construct a farm crossing should take into consideration the public crossing on the public road at or near the plaintiff's buildings, and in considering what effect that public crossing will have upon the measure of damages which the plaintiff will sustain, they must assume that the railroad company will put the crossing of the public road in a reasonably safe and convenient condition as they are in law bound to do.   *Answer :* The jury must assume that the railroad company in maintaining this crossing of the public road will keep it in that reasonably safe and convenient condition as they are in law bound to do, but in considering whether the public crossing affords the plaintiff a safe and convenient farm crossing and to what extent he is damaged if it is not safe and convenient it must be taken as it now exists and existed at the time this suit was brought. [3]

Verdict and judgment for plaintiff for $650.    Defendant appealed.

*Errors assigned* were (1, 3) above instructions, quoting them.

*R. W. Irwin*, for appellant, cited : Port v. Huntingdon, etc., R. R. Co., 168 Pa. 19.

*A. G. Braden*, of *Braden & Campbell*, for appellee, cited: Neff v. Penna. R. R. Co., 202 Pa. 371; Watterson v. Allegheny Valley R. R. Co., 74 Pa. 208.

OPINION BY HENDERSON, J., October 9, 1905 :

By a deed acknowledged July 24, 1902, the plaintiff granted to the defendant company a right of way for the construction of its road through his farm.   As a part consideration for the grant, the company covenanted :

1. To save and protect a spring near the dwelling house of the plaintiff :

2. To change the course of a small stream and conduct the water thereof in a pipe or conduit past the spring house of the plaintiff :

3. If the railroad to be constructed should not cross the public highway near the residence of the plaintiff with an overhead crossing, then the grantee "will at its own proper cost and expense build and construct over and across the said right of way herein conveyed for use of said parties of the first part, their heirs and assigns, a safe and convenient farm crossing at grade of said railroad."

The company neglected for a considerable period to protect the plaintiff's spring and to change the course of the stream, and did not construct for the use of the plaintiff a safe and convenient farm crossing, although the defendant's track did not cross the public highway near the residence of the plaintiff with an overhead crossing.   This action was brought to recover damages for the breach of the defendant's covenant in the respects referred to.   The only subject presented for our consideration is the instruction of the court on the measure of damages for the failure to build the crossing.   This instruction was that the measure of damages was the difference between the market value of the farm with a safe and con-

venient farm crossing and its market value without any other farm crossing than that at the public highway, constructed as it was by the defendant. The court further instructed the jury that if it happened that there was a public road that crossed over the right of way and a safe and convenient crossing for farm purposes was made and maintained on the public road that that would fill the requirements of the defendant's covenant; in other words, that the plaintiff was not entitled to have a farm crossing in addition to what might be a safe and convenient farm crossing on the public road. At the trial the defendant contended that the measure of damages was the cost of constructing the crossing. At the argument on the hearing of the appeal, however, the appellant took the position that the court should have limited the recovery to the inconvenience which the appellee suffered to the time of trial by reason of not having a safe and convenient crossing. No attempt was made by the defendant to construct a private crossing and the jury found from abundant evidence that the crossing on the public highway was not safe and convenient for the plaintiff. In charging the jury that by making a safe and convenient crossing where the public highway intersected the railroad track the defendant would comply with its agreement, the court was certainly as favorable to the defendant as the terms of its obligation would permit. The company might have entered on the land and taken its chance as to damages in a condemnation proceeding. It elected to proceed by negotiation. The consideration agreed upon was presumably compensation to the plaintiff because of the reduction in the value of his land consequent upon the location of the road through it. Its value was that much less because of the burden imposed by the servitude of the railroad. In the estimation of both of the parties the crossing was a material part of the consideration. Without provision therefor the grant might not have been made at all. The effect of the construction of the crossing would be to diminish the plaintiff's damage resulting from the location of the road, and the neglect to build it to increase that damage. We consider the rule given by the learned judge of the court below applicable to the facts presented. The action is in the nature of a proceeding for fixing damage for the appropriation of

land, a portion of which damage has been paid. The difference in value with and without the improvement which formed a part of the consideration is the logical measure of damage. This was the rule applied in Philips v. R. R. Co., 184 Pa. 537, and Neff v. Penna. R. R. Co., 202 Pa. 371. In these cases the loss of a way was the cause of action, but the principle there stated is applicable as well to the failure to construct a way which was a part of the consideration for the grant. The plaintiff had not the right to invade the exclusive possession of the railroad company and construct a crossing. No place for its construction was designated in the agreement. To make it would require more or less interference with the track of the defendant company, and any such disturbance would amount to a trespass. The appellant relies upon Port v. R. R. Co., 168 Pa. 19 as an authority for the position that the plaintiff is only entitled to compensation for the inconvenience sustained up to the time of trial. That was a proceeding for assessment of damages for failure to build a causeway, damages having theretofore been assessed for the appropriation of the land. In that case the jury was instructed that the real basis of the plaintiff's claim was the inconvenience or in a certain sense the burden that is cast upon the property by the failure to build a causeway to connect the two parts together. This instruction apparently had reference to the attempt of the petitioner to introduce elements of damage connected with the original construction of the road. No explanation was given by the learned judge in that case of his meaning of the instruction that the plaintiff's cause of action was the burden cast upon the property by the failure to build the causeway. If he meant as we think that it was the decreased value of the land because of the absence of the causeway, his charge was in harmony with the numerous adjudications arising in appropriation proceedings. We do not consider the case an authority for the position taken by the appellant. In the present case the injury resulted from the original appropriation and was in the minds of the parties when the grant of the right of way was executed. The rule in Schuylkill Navigation Co. v. Thoburn, 7 S. & R. 411, and the long line of cases following it states the true measure of damages.

The judgment is affirmed.